**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6618**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RAYMOND ERNEST BROWN, a/k/a Bae Bae, a/k/a Goon, a/k/a Goonie,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Senior District Judge. (4:09-cr-00081-RBS-FBS-15; 4:16-cv-00005-RBS)

Submitted: October 24, 2019                Decided: December 10, 2019

Before FLOYD and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Raymond Ernest Brown, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Ernest Brown seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Brown has not made the requisite showing. Accordingly, we remove this appeal from abeyance, deny a certificate of appealability and dismiss the appeal.[*] We dispense with oral argument

---

[*] After the district court entered its final order, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) (2012) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. We recently held that Hobbs Act robbery, 18 U.S.C. § 1951(a) (2012), qualifies as a crime of violence under § 924(c)(3)(A)'s force clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*